# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY COOPER, | : |  |
|---|---|---|
| Petitioner | : | Criminal Action No. 1:05-CR-045 |
| v. | : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA, | : |  |
| Respondent | : |  |

## **MEMORANDUM**

Before the Court is Petitioner Anthony Cooper's ("Cooper") pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 159.) The motion is now ripe for disposition. For the reasons that follow, the Court will deny Cooper's motion.

**I.    BACKGROUND**

On January 27, 2005, a four-count indictment was filed charging Cooper and coconspirators Euclides Rosado and Dave Reina with drug related offenses. (Doc. No. 5.) On May 18, 2006, Cooper signed a plea agreement with the Government stipulating that he would plead guilty to Count IV of the indictment, charging Cooper with criminal conspiracy to distribute 500 grams or more of cocaine HCL and 1.5 kilograms or more of crack cocaine in violation of 21 U.S.C. § 846. (Doc. No. 99 ¶ 1.) As part of the deal, the Government agreed not to require Cooper to plead to a specific quantity of drugs he was responsible for distributing, capping his potential term of imprisonment at 20 years. (Id.)

On June 15, 2006, Cooper appeared before the Court to enter a plea of guilty pursuant to this plea agreement. (Doc. No. 108.) Though it was stipulated in the plea agreement that the

1

Government would not require Cooper to admit a drug quantity, Cooper's counsel requested that Count IV be formally amended:

> I'm just wondering if we should amend this count. I'm somewhat uncomfortable with the drug amounts being in here, even though we're agreeing, because it's essentially almost like we're pleading to a different count. . . . [I]f we could agree maybe just to amend it to delete reference to the 500 grams and the 1.5 kilograms and just say that he's pleading to conspiracy to manufacture, distribute, and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine HCL and a mixture or substance containing a detectable amount of cocaine base.

(Transcript, Change of Plea and Motion Hearing, at 8:9-21 (hereinafter "Plea Tr.").) Noting that the proposed amendment incorporated the intent of the plea agreement, the Government concurred in this motion and the amendment was granted by the Court. (Id. at 8:22-25.) Cooper proceeded to plead guilty to this offense.

On November 21, 2006, Cooper appeared before the Court for sentencing. Though he had not admitted to distributing a specific amount of drugs at his change of plea hearing, drug quantity remained an issue for purposes of calculating Cooper's guideline sentencing range. See U.S.S.G. § 2D1.1(c) (Nov. 1, 2006). Accordingly, after hearing evidence and argument on the issue, the Court found that Cooper was responsible for at least 3,557 grams of crack cocaine. (Transcript, Sentencing Hearing, at 89:5-8 (hereinafter "Sentencing Tr.").) The Court then calculated Cooper's offense level as 35 and criminal history category as IV, yielding an advisory guideline range of 235 to 240 months. Considering the factors set forth in 18 U.S.C. § 3553(a), the Court ultimately sentenced Cooper to a 200 month term of imprisonment.[1] (Doc. No. 136.)

Cooper appealed through counsel, alleging several errors with his sentence. See United

---

[1] On May 4, 2010, the Court granted a further reduction of Cooper's sentence to 188 months as a result of the recent crack cocaine amendment's to the Federal Sentencing Guidelines. (Doc. No. 175.)

2

States v. Cooper, 266 F. App'x 163 (3d Cir. 2008). Cooper also submitted a supplemental *pro se* brief alleging an additional error:

> The district court . . . erred . . . after making factual determinations by a preponderance of the evidence and improperly using those facts to impermissibly increase Appellant's offense level and impose a resulting sentence that plainly exceeds the otherwise prescribed statutory maximum penalty allowable by law . . . .

(Doc. No. 160 at 5.) The Third Circuit rejected Cooper's claims and upheld his sentence. Cooper, 266 F. App'x. at 167. Cooper then timely filed the present motion to vacate under 28 U.S.C. § 2255.

## II.    DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. In evaluating a § 2255 motion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (quoting Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)). Cooper has challenged his conviction and sentence on two grounds under § 2255. The Court will evaluate these contentions in turn.

### A.  Ineffective Assistance on Appeal

Cooper's first challenge is that his appellate counsel failed to raise meritorious claims on appeal regarding the validity of his guilty plea:

> On appellate review counsel failed to challenge the validity of the

3

> guilty plea where the record of the Rule 11 proceedings indicated that Petitioner was not provided with real notice of the true nature of the charge to which he pled and where there was an inadequate factual basis to support the guilty plea.

(Doc. No. 159 at 5.)

To assess whether Cooper's counsel was constitutionally ineffective, the Court applies the standard set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).[2] Under Strickland, "a criminal defendant may demonstrate that his representation was constitutionally inadequate by proving: (1) that his attorney's performance was deficient, i.e., unreasonable under prevailing professional standards; and (2) that he was prejudiced by the attorney's performance." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005). The first prong requires that the defendant identify counsel's challenged acts or omissions, Strickland. 466 U.S. at 690, and show that counsel's representation fell below an objective standard of reasonableness. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008) (citing Strickland, 466 U.S. at 688.) Judicial scrutiny is highly deferential under the first prong, and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Booth, 432 F.3d at 546 (quoting Strickland, 466 U.S. at 688-89)). To establish prejudice for the second prong, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. When evaluating a claim of ineffectiveness under Strickland, the Court may consider the prejudice prong before examining

---

[2] Though initially applied in the context of trial counsel, Strickland is equally applicable to evaluate the performance of appellate counsel. United States v. Mannino, 212 F.3d 835, 840 n.4 (3d Cir. 2000) (citing Diggs v. Owens, 833 F.2d 439, 444-45 (3d Cir. 1987)).

the performance of counsel prong "because this course of action is less burdensome to defense counsel." Lilly, 536 F.3d at 196 (quoting Booth, 432 F.3d at 546)).

The Court will address Cooper's claims regarding the validity of his plea separately.

### 1. Voluntary and Intelligent Plea

To be constitutionally valid, a guilty plea must be voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Id. To ensure a defendant receives such notice, Rule 11 of the Federal Rules of Criminal Procedure "requires that a court, before accepting a guilty plea, 'inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading.'" United States v. Delgado-Hernandez, 420 F.3d 16, 19 (1st Cir. 2005) (quoting Fed. R. Crim. P. 11(b)(1)(G)).

Cooper plead guilty to a criminal conspiracy to distribute and possess with intent to distribute both cocaine and crack cocaine under 21 U.S.C. § 846, which provides for identical penalties as the substantive offense at 21 U.S.C. § 841(a). The penalty for violation of § 841(a) is provided by the various subsections of § 841(b) depending on the nature and quantity of the drugs involved in the case. In the case of crack cocaine, there are basically three tiers of penalties. See United States v. Sanchez-Gonzalez, 294 F.3d 563, 565 (3d Cir. 2002). There are enhanced penalty provisions for offenders that are found to be responsible for 50 grams or more (Section 841(b)(1)(A)(iii)), and 5 grams or more (Section 841(b)(1)(B)(iii)). § 841(b)(1)(C), on the other hand, is a separate baseline provision which provides penalties for those offenders who are convicted under § 841(a) for an unspecified quantity of crack cocaine. Id.

5

Cooper argues that his appellate counsel should have raised the argument that his plea was not knowing and voluntary.  Cooper contends that he was not fully informed about "the true nature of the charge against him," because "his plea of guilty to conspiring to distribute a 'detectable amount' of cocaine base was actually a guilty plea to a drug quantity corresponding with the more onerous provision of 21 U.S.C. § 841(b)(1)(A) . . . ."  (Doc. No. 160 at 7.)  Therefore, he argues that he could not have entered a knowing and voluntary plea "because he was never informed that the 'drug quantity,' because it was in excess of 50 grams, was a 'critical' element of the offense that the Government would be required to prove beyond a reasonable doubt."  (Id. at 17.)  He concludes that if he understood "the Government would have been required to prove that he had conspired to distribute an amount of cocaine base in excess of 50 grams . . . it is improbable that he would have waived [his right to trial]."  (Id. at 16.)

The most obvious problem with Cooper's argument is that he did not plead guilty to an offense that involved the more onerous penalty provisions of 21 U.S.C. § 841(b), so the Government would not have been required to prove drug quantity as an element of the offense.  Cooper's contention that he actually plead to an enhanced penalty offense seems to be based on the 1.5 kilogram drug quantity originally alleged in the indictment, which he asserts "was adequate to support a conviction for the aggravated provisions of Section 841 . . . ."  (Doc. No. 160 at 13-14.)  He suggests that "the only amount of cocaine base at issue in the case was an amount which was the functional equivalent of a greater offense under Section 841(b)(1)(A) than that to which he actually pled."  (Id. at 17.)  He therefore argues that "there was technically no violation of Section 841(b)(1)(C) . . . because there was only one quantity of cocaine base which was at the core of the controversy, viz, the 4 kilograms of cocaine base."  (Doc. No. 170 at 3.)

6

Cooper identifies no authority for these propositions. It would appear he is suggesting that, given the drug weight initially alleged in the indictment, the indictment amendment was improper and the Government legally could not proceed with the prosecution based on Cooper's distribution of an indeterminate amount of crack cocaine. It is clear and seemingly admitted by Cooper, however, that § 841(b)(1)(C) is a lesser-included offense of § 841(b)(1)(A); a conviction under § 841(a) involving the penalty provision at § 841(b)(1)(C) requires proof of all the same elements as one involving § 841(b)(1)(A) except for the drug quantity. See United States v. Lacy, 446 F.3d 448, 454-55 (3d Cir. 2006) ("Possession with intent to distribute an unspecified quantity of cocaine base requires proof of a "subset" of the facts that must be proved to sustain a conviction for possession with intent to distribute five grams or more of cocaine base—everything except for the drug amount."); see also United States v. Scott, 243 F. Supp. 2d 97, 104 (D. Del. 2003). As a lesser included offense, the prosecution was entitled to proceed under § 841(b)(1)(C) and prove that Cooper was guilty of a § 841(a) offense with an unspecified quantity of crack cocaine because "[a] part of the indictment unnecessary to an independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" United States v. Miller, 471 U.S. 130, 136-37 (1985); see also Lacy, 446 F.3d at 452 ("[A] defendant may be found guilty of several offenses other than that charged in the indictment, so long as all such offenses are 'necessarily included' in the charged offense."). Accordingly, noting that Cooper solely contested the drug quantity alleged in the indictment, the Court properly granted the parties' joint motion to amend the indictment and accepted Cooper's plea on the lesser included offense of intent to distribute an unspecified quantity of crack cocaine. This resolution has been endorsed by the Third Circuit and other courts under these

circumstances. Sanchez-Gonzalez, 294 F.3d at 565 ("[a] defendant as to whom drug quantity has not been found by a jury beyond a reasonable doubt should be sentenced under § 841(b)(1)(C), because only that section does not base the sentence on drug quantity."); see also United States v. McLean, 287 F.3d 127, 134 (2nd Cir. 2002) ("Where . . . a defendant is charged in an indictment with a § 841 offense involving a specific threshold quantity of drugs, and pleads guilty, but during a plea proceeding admits only the non-quantity elements of the offense and disputes quantity, the district court may accept the plea only on the lesser-included offense of the § 841 crime involving an unspecified drug quantity.").

Considering the above, there is no viable basis to suggest that the "true nature" of Cooper's guilty plea was to an offense that involved the enhanced penalties under § 841(b)(1)(A).[3] Rather, it is clear from the record that Cooper properly pleaded guilty to an offense under 21 U.S.C. § 846 that involved distribution of an unspecified amount of crack cocaine. Under this charge, the Government would not have had any burden to prove that Cooper had conspired to distribute 50 grams or more of crack cocaine. Therefore, Cooper can not legitimately claim that the Court's colloquy was deficient for failing to incorrectly advise him to the contrary.

---

[3] The Court notes that, while not entirely clear, it appears Cooper attempted to raise this or a similar argument on his direct appeal. The Third Circuit noted in its opinion that:

> Cooper's pro se supplemental brief also appears to suggest that the District Court erroneously used facts found by a preponderance of the evidence to impose a sentence higher than the maximum authorized by statute as a result of his guilty plea. However, Cooper's guilty plea to conspiracy to distribute an unspecified amount of cocaine hydrochloride and crack cocaine subjected him to a maximum statutory term of imprisonment of 240 months, and he received a sentence 40 months below that statutory maximum.

Cooper, 266 F. App'x at 166 n.4.

Additionally, the record in this case clearly shows that the Court engaged in a sufficient Rule 11 plea colloquy with Cooper and that he understood the nature of the charged 21 U.S.C. § 846 offense. Rule 11 "is not to be read as requiring a litany or other ritual," so "the elements of the offense need not be recited in any ritualistic fashion." United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000) (internal quotations omitted). Rather, to evaluate whether a defendant understood the nature of the charge when pleading guilty, "most courts look to the totality of the circumstances . . . , considering factors such as the complexity of the charge, the age, intelligence, and education of the defendant, and whether the defendant was represented by counsel." Id. Here, the Court conducted a thorough plea colloquy with Cooper to determine that the plea was knowing and voluntary. During the inquiry, Cooper attested that he had a full opportunity to discuss the charges against him with his counsel and how best to respond to those charges. (Plea Tr. at 6:13-25.) He testified that he was satisfied with his attorney and believed he had received good counsel in the matter. (Id.) The Court recited the charge in the indictment, which alleged each element of the § 846 offense. (Id. at 7:6-25.) After a brief discussion about the joint-motion to remove reference to the specific quantity of drugs in the indictment, Cooper stated that he understood the amended charge. (Id. at 9:4-6.) He was apprised by the Court of his trial rights, including that every element of the § 846 offense would have to be proven by the Government beyond a reasonable doubt. (Id. at 10:17-24.) Cooper had participated in a plea negotiation with the government. Indeed, the plea agreement itself references the charge and notes that the parties' agreement to excise drug quantity from the indictment. (Doc. No. 99 ¶ 1.) At the hearing, the prosecutor restated essential terms of that plea agreement and also gave an extensive recitation of the evidence it would introduce at trial to support the charge. (Plea Tr. at

9

17:15-21:19.) Though not acknowledging parts of the Government's summary, Cooper admitted to the facts establishing all of the elements of the charge (discussed further below). (Id. at 22:9-11.) At the time of his plea: Cooper was 28 years old, had completed school through grade 12, and could read and write in English. (Id. at 5:16-21.) With this background, he should not have had any special difficulty comprehending the relatively simple § 846 offense at issue. As such, considering the totality of the circumstances, the Court finds that Cooper understood the nature of the charges and entered his guilty plea knowingly and voluntarily.

Accordingly, Cooper's arguments that he did not enter a voluntary and intelligent guilty plea are meritless. Cooper's attorney cannot be ineffective for failing to raise a meritless argument. See Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010) (citing Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998)).

### 2. Factual Basis

Cooper next claims that his appellate attorney was ineffective for failing to argue that his guilty plea was invalid due to an inadequate factual basis. (Doc. No. 160 at 18-19.) In support of this claim, Cooper essentially restates his argument above:

> a drug conspiracy pleaded by incorporation of Section 841(b)(1)(A) is a different, aggravated offense from an unquantified drug conspiracy, and that Petitioner's failure to admit to any specific quantity, especially the statutorily prescribed quantity (for which he was ultimately held culpable) meant that his plea did not provide the court with a sufficient factual basis to enter judgment against him on the crime for which he was ultimately held culpable.

(Id. at 18.) Though admitting his plea was to a crime that did not require the Government to prove a drug quantity, Cooper maintains that there was no other viable charge. (Id. at 19.)

The Court will reject this claim for largely the same reasons as discussed above. Rule

10

11(b)(3) of the Federal Rules of Criminal Procedure provides: "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  The district court does not need to be convinced beyond a reasonable doubt of a defendant's guilt, but "need only find sufficient evidence in the record as a whole to justify a conclusion of guilt." United States v. Lessner, 498 F.3d 185, 197 (3d Cir. 2007) (citing Cefaratti, 221 F.3d at 509-10).  In making this determination, the district court can look "to the defendant's own admissions, the government's proffer of evidence, the presentence report, or 'whatever means is appropriate in a specific case- so long as the factual basis is put on the record.'" Id.  Additionally, "Rule 11 does not mandate that the defendant personally confirm every factual allegation in the indictment." United States v. Trott, 779 F.2d 912, 914 (3d Cir. 1985).

In this case, it is clear that the guilty plea was supported by an adequate factual basis. "The essential elements of a drug distribution conspiracy under 21 U.S.C. § 846 are: '(1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal.'" United States v. Iglesias, 535 F.3d 150, 156 (3d Cir. 2008) (quoting United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006)).  At the change of plea hearing, the Government made an extensive proffer of the evidence it planned to introduce at trial establishing all of the elements of a drug distribution conspiracy.  (Plea Tr. at 17:15-21:19.) While claiming that "a lot of the [facts] we can't really speak to," defense counsel proffered Cooper's admission that "Mr. Rosado was bringing cocaine down for him and that he was expecting to get some of those drugs from Mr. Rosado and that he had dealt with Mr. Rosado prior to January 25th, had gotten cocaine and some crack from Mr. Rosado . . . ." (Id. at 21:20-22:11.)  The only part of the Government's proffer that Cooper denied was related to drug

11

quantity. (Id. at 22:5-6.) Given this record, there was ample evidence to conclude Cooper was guilty of a § 846 offense: he and his coconspirators shared a common goal in distribution of cocaine and crack cocaine, the intent to achieve that goal, and an agreement to work together in fulfilling that goal. See Iglesias, 535 F.3d at 156. Accordingly, Cooper's counsel could not be ineffective for failing to raise this meritless argument.

### B. Sentencing Determinations

Cooper's second challenge involves the Court's sentencing determinations which he claims violated his Sixth Amendment right to jury trial: "In sentencing Petitioner for 4 kilograms of cocaine base, the District Court predicated its sentence on facts not reflected in the plea of guilty (or found by a jury)." (Doc. No. 159 at 5.) As Cooper admits, this same argument was raised and rejected on his direct appeal: "Cooper argues that the District Court improperly applied a preponderance-of-the-evidence standard in making its drug quantity finding. That same argument, however, has already been rejected by this Court." Cooper, 266 F. App'x at 166 n.4 (citing United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007)). As Cooper acknowledges, "Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)); see also United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).

Despite the bar to relitigating claims addressed on direct appeal, Cooper claims that an exception applies in this case because intervening changes in the law justify revisiting the prior determination. (Doc. No. 160 at 26.) His argument that his sentence was imposed in violation of the Sixth Amendment is based on a position taken by Justice Scalia in his concurrence in Rita v.

United States, 551 U.S. 338 368-384 (Scalia, J. concurring in part and concurring in the judgment). In his Rita concurrence, Justice Scalia outlined his opinion that appellate review of a sentence for substantive reasonableness—instituted by the majority opinion in Rita—could result in Sixth Amendment violations:

> Under [a system in which district courts lack full discretion to sentence within the statutory range], for every given crime there is some maximum sentence that will be upheld as reasonable based only on the facts found by the jury or admitted by the defendant. Every sentence higher than that is legally authorized only by some judge-found fact, in violation of the Sixth Amendment. Appellate courts' excessiveness review will explicitly or implicitly accept those judge-found facts as justifying sentences that would otherwise be unlawful.

See id. at 372. Relying on Justice Scalia's concurrence, Cooper asserts that his sentence was imposed in violation of the Sixth Amendment because the drug quantity used to set his guideline range—3,557 grams of crack cocaine—was a judge found fact made by a preponderance of the evidence. (Doc. No. 160 at 28.) He claims the Third Circuit would have found the same sentence substantively unreasonable in the absence of that judge-found fact. (Id. at 32.)

The first problem with Cooper's claim is that the case he cites in support of an "intervening" change in the law was decided well prior to the Third Circuit's resolution of his direct appeal. Compare Cooper, 266 F. App'x 163 (February 22, 2008) with Rita v. United States, 551 U.S. 338 (June 21, 2007). Accordingly, there has been no intervening change in the law, and Cooper has provided no other reason for the Court to allow him to fully relitigate this issue. Additionally, even if these cases were not decided prior to Cooper's direct appeal, his argument has no merit. Cooper's analysis ignores many key aspects of this issue. He ignores the binding majority opinion in Rita, which provides, in responding to Justice Scalia's concerns,

13

that:

> In our view, however, the presumption, even if it increases the likelihood that the judge, not the jury, will find "sentencing facts," does not violate the Sixth Amendment. This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence. Nor do they prohibit the sentencing judge from taking account of the Sentencing Commission's factual findings or recommended sentences. . . . Similarly, Justice SCALIA agrees that we have never held that 'the Sixth Amendment prohibits judges from ever finding any facts' relevant to sentencing.

Rita, 551 U.S. at 352; see also United States v. Phinazee, 515 F.3d 511, 519 (6th Cir. 2008) ("The dissent argues that judicial fact-finding used to ratchet up the sentence here implicates the Sixth Amendment. . . . [A]ny such argument ignores the straightforward import of the Supreme Court's ruling in Rita."). Additionally, Cooper ignores that, as in his own direct appeal, the Third Circuit has continued to hold after Rita that judge-found facts at sentencing do not implicate the Sixth Amendment if they do not increase the maximum punishment to which the defendant is exposed:

> Post-Booker, the punishments chosen by Congress in the United States Code determine the statutory maximum for a crime. The Code identifies the facts necessary to establish an offense and any aggravating circumstances (e.g., significant drug quantity, use of a firearm, injury to a victim) that increase the statutory maximum punishment. These facts must be established beyond a reasonable doubt. But, once these facts are found, triggering the statutory maximum, the judge may impose a sentence anywhere under that maximum without jury determinations and proof beyond a reasonable doubt. . . . None of the facts relevant to enhancements or departures under the Guidelines can increase the maximum punishment to which the defendant is exposed.

United States v. Hoffecker, 530 F.3d 137, 196 (3d Cir. 2008) (quoting Grier, 475 F.3d at 565-66). Here, as noted above and by the Third Circuit in his direct appeal, "Cooper's guilty plea to

14

conspiracy to distribute an unspecified amount of cocaine hydrochloride and crack cocaine subjected him to a maximum statutory term of imprisonment of 240 months, and he received a sentence 40 months below that statutory maximum." Cooper, 266 F. App'x at 166 n.4. Now, after resolving his 18 U.S.C. § 3582 crack cocaine guideline reduction, his sentence his 52 months below the applicable statutory maximum. Accordingly, Cooper's sentence was not imposed in violation of the Sixth Amendment.

## III.     HEARING AND CERTIFICATE OF APPEALABILITY

### A.  Evidentiary Hearing

The decision of whether or not to hold an evidentiary hearing when a petitioner brings a motion to vacate pursuant to § 2255 is within the discretion of the district court, though there are limitations on this discretion. United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). The district court is required to hold a hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008) (citing Booth, 432 F.3d at 545). This is a low threshold and is not a high bar for petitioners to meet. Id.

For the reasons discussed above, the Court finds that Cooper has not met this threshold and that the motion, files, and records of the case show conclusively that he is not entitled to any relief. As such, the Court declines to conduct an evidentiary hearing in this matter.

### B.  Certificate of Appealability

Pursuant to Rule 11 of the Rules governing § 2255 cases, at the time a final order denying a petition under 28 U.S.C. § 2255 is issued, the Court must make a determination as to whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c)(1)(B). A

certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debateable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court dismisses the petition based on procedural grounds,

> "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . .Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

Id.

Considering the above, Cooper cannot make a substantial showing of the denial of a constitutional right, and the Court is not persuaded that a reasonable jurist would debate the correctness of the Court's determinations in this ruling. Therefore, Cooper cannot meet the standard required by § 2253(c) and the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Cooper's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court shall not issue a certificate of appealability. An order consistent with this memorandum will follow.

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY COOPER, | : | |
|---|---|---|
| Petitioner | : | Criminal Action No. 1:05-CR-045 |
| v. | : | (Chief Judge Kane) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

# ORDER

**AND NOW**, this 13th day of July 2010, upon consideration of Petitioner Anthony Cooper's pro se motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 159) and for summary judgment on this motion (Doc. No. 171), filed in the above-captioned matter, and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motions are **DENIED**.

**IT IS FURTHER ORDERED THAT** a certificate of appealability shall not issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania